Sevan Gorginian, Esq. (SBN 298986)
**Law Office Sevan Gorginian**
450 North Brand Boulevard, Suite 600
Glendale, California 91203
**Tel**: 818.928.4445 I **Fax**: 818.928.4450
**Email**: sevan@gorginianlaw.com

Counsel for Defendant

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.:  1:22-bk-10283-MB |
| LUSINE CRISTINE DOKUZYAN, | Chapter 7 |
| Debtor. | Adv. No.:  1:22-ap-01028-MB |
| | NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER FRCP 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF |
| HOVANES JOHN TONOYAN, | Hearing |
| Plaintiff, | Date:  August 31, 2022 |
| | Time: 2:30 p.m. |
| vs. | Place: Courtroom 303 |
| LUSINE CRISTINE DOKUZYAN, | 21041 Burbank Blvd. Woodland Hills, CA 91367 |
| Defendant. | See Supplemental Notice of Zoom Hearing Filed Concurrently Herewith |

**TO THE HONORABLE MARTIN BARASH, U.S. BANKRUPTCY JUDGE, PLAINTIFF, AND ALL OTHER PARTIES OF INTEREST:**

**PLEASE TAKE NOTICE** that defendant, Lusine Dokuzyan ("Defendant") at the above referenced hearing date, will ask (the "Motion") this Court for an order dismissing Plaintiff Tonoyan's ("Plaintiff") *Complaint for Nondischargeability under Section 523(a) and Denial of Discharge under Section 727(a)* ("Complaint") pursuant FRCP 12(b)(6) for failing to state a claim upon which relief can be granted.

1

1
2
3

The Motion will be based on this notice, on the attached memorandum of points and authorities, records on file in this case, and on such oral arguments as may be presented at the hearing.

4
5
6
7
8
9
10

This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than **fourteen (14) days** prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

11
12

Dated: July 12, 2022          **Law Office of Sevan Gorginian**

13
14
15

/s/ Sevan Gorginian
By: Sevan Gorginian,
Counsel for Defendant

16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.    Preliminary Statement………………………………………………..……6

II.    Statement of Facts

      A.  Brief Statement of Facts Re: Plaintiff's 523(a) Claims………………7

      B.  Summary of Complaint's Facts Re: 727(a) Claims…..………………9

III.    Legal Standard……………………………………………………………..9

IV.    Argument

      A.  Claims under Section 523(a) Should Be Denied……………..……10

      B.  Claims under Section 727 Should Be Denied…………………..…15

      C.  Misc. Claims in Complaint Should Be Dismissed As Well…………20

V.    Conclusion………………………………………………………………....20

# TABLE OF AUTHORITIES

**Bankruptcy Code**

11 U.S.C. §523(a)(2)(A)…………………………………………..………10,11,21

11 U.S.C. §523(a)(2)(B)…… ………………………………………………12,13,21

11 U.S.C. §523(a)(2)(C)… ……………………………………………………13,21

11 U.S.C. §523(a)(6)………………………………………………………13,15,21

11 U.S.C. §727(a)(2)(A)…… ………………………………………………...15,16,21

11 U.S.C. §727(a)(3)…………………………………………………………...17,20

11 U.S.C. §727(a)(4)……………………………………………………17,18,21

11 U.S.C. §727(a)(5)… ………………………………………………......…19,21

11 U.S.C. §727(a)(7)… ……………………………………………….......19,20,21

28 U.S.C. §2201…………………………………………………………………20

11 U.S.C. §707(a)…………………………………………………………....…20,21

11 U.S.C. §707(b)……………………………………………………………20,21

11 U.S.C. § 101………………………………………………………………………19

**Primary Authority Caselaw (supreme court, 9th circuit, 9th circ. BAP)**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)…… …………………………………9

*Bell Atlantic Corp. v.  Twombly*, 550 U.S. 555 (2007)……………………………10

*Field v. Mans*,  516 U.S. 59, 76 (1995)……………………….……………………11

*In re Anastas*, 94 F.3d 1280 (9th Cir. 1996)……………………………....……11

*In re Apte*, 180 B.R. 223 (9th Cir. BAP 1995)… …………………………………..11

*In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999)… ………………………….....14

*In re Ormsby*, 591 F.3d 1207 (9th Cir. 2010)…… ………………………………14

*In re Su*, 290 F.3d. 1140, 1143 (9th Cir. 2002)… …………………………….13,14

*Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)… ……………………………...13,14

*Lockerby v. Sierra,* 535 F.3d 1038, 1041 (9th Cir. 2008)… ………………….....14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Secondary Sources**

*In re Dakota*, 284 B.R. 711 (Bkrtcy. N.D. Cal. 2002)…………………….…10,11

*In re Garcia*, 168 B.R. 403 (D. Ariz. 1994)…………………………………....16

*In re Quari*, 357 B.R. 793, 798 (Bkrtcy. N.D. Cal., 2006)…………………….14


**Federal Rules of Civil Procedure**

FRCP 8(a)(2)…..…………………………………………………………………10

FRCP 12(b)(6)…………………………………………………………………….1


**Federal Rules of Bankruptcy Procedure**

FRBP 7001……………………………………………………………………....20


**Local Bankruptcy Rules**

LBR 9013-1……………………………………………………………………….2

1

2

### MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.

4

### PRELIMINARY STATEMENT

5        Plaintiff's Complaint contains an emotionally charged rant that stems from

6    a friendship between the parties that turned sour.   Pro per Plaintiff appears to

7    have retained a bankruptcy attorney to piecemeal this Complaint which contains

8    only personal attacks but it does not rise to the level necessary to support any of

9    the claims asserted.   Cause exists to dismiss the Complaint without leave to

10    amend because no amendment will help keep this Complaint alive.

11        In short, the Plaintiff and Defendant were friends at some point and during

12    their friendship, the Defendant became indebted to the Plaintiff in an amount of

13    $11,000 for a small embroidery business she was trying to start.  Plaintiff became

14    enraged when he realized that she was in this embroidery business with a male

15    friend.  After this, Plaintiff engaged in a tantrum by sending block-paragraph text

16    messages and phone calls to Defendant telling her to go kill herself, that she is

17    the worst person on Earth and that he would do everything he can to make her

18    life miserable.   Plaintiff has contacted Defendant's friends and acquittances to

19    disparage her reputation as well (this is part of the Defendant's separately filed

20    motion for protective order to avoid Plaintiff having access to the names of

21    people she gave money to).

22        The Complaint lacks details of conduct arising to the level of fraud and

23    misconduct warranting the claims alleged in the Complaint.   For the reasons

24    stated below, the Plaintiff asks the Court to dismiss the Complaint with prejudice.

25

26

27

28

## II.

## STATEMENT OF FACTS

**A.    Brief Statement of Facts Re: Plaintiff's 523(a) Claims**

Defendant, a 26-year-old female, and Plaintiff have a relationship from high school.  Defendant and Plaintiff were working together at Samsung.  Defendant left her job at Samsung and became acquainted with a co-worker, Felipe Mendez ("<u>Mendez</u>").  Defendant and Mendez decided to start a small business venture together called "StitchCult" ("<u>Business</u>") which no longer operates**.**  The Business would create various clothing apparels with different embroidered patterns. Defendant and Mendez were merely friends and nothing more.  Mendez had to pay off a debt to Printify in which he incurred with respect to this Business. Printify is an online platform that allows entrepreneurs to advertise material and collect proceeds (similar to Shopify or Etsy).

Defendant and Mendez, being young, enjoyed playing video games together. Plaintiff, himself, states that "*he purchased two expensive, top-of-the-line gaming computers. . .*" and that he wanted "[*Defendant] to be happy and successful. . .* " [Complaint Page 7, Lines 8 – 11].   According to the Plaintiff, himself, Defendant paid back a portion of the funds that Plaintiff used to acquire the computers [Complaint Page 7, Line 11]. Had the Defendant wanted to defraud Plaintiff, as he alleges, Defendant would not have paid anything back to Defendant.  The fact that Defendant *did repay* some of the money, shows she had good intentions.

Some months later, Defendant's Business started to incur more debt as they were trying to fulfill more orders. This is when Defendant reached out to Plaintiff to determine if he was able to assist with some of the debts.  Having purchased computers for the Defendant before, Defendant believed he would assist here if he could.   Plaintiff voluntarily decided to transfer about $11,000 to help Defendant settle debts with her creditors.   **However, at no point in time did Defendant ever make any misrepresentations to the Plaintiff to entice him**

**to make this loan or extension of credit.**    It was merely one friend asking another for help.    There exists absolutely no evidence that Defendant coerced the Plaintiff into giving the funds nor was it her intent to deceive Plaintiff. Defendant was only inquiring about a potential loan with an intent to pay Plaintiff back, similar to how she did with the computers that were purchased.

Plaintiff, without any demand, took steps to ensure that Defendant got the money to pay off the balance to Printify.    It appears this upset the Plaintiff because Plaintiff allegedly believed he was only helping Defendant personally, and not Mendez nor the Business.    When Plaintiff realized that Mendez also benefitted, that is when Plaintiff became jealous, envious, and enraged.    Plaintiff thought Defendant somehow defrauded him to benefit Mendez.    That is far from the truth and there exists no evidence to suggest otherwise.

The Business ended up not working out and it failed.    Defendant has experienced her own mental health issues, which are privileged.    This led the Plaintiff to begin his barrage of hateful messages intending to cause Plaintiff to hurt herself.    Plaintiff suggested Defendant kill herself because he, Plaintiff, would not stop until he felt satisfied that he destroyed her.    All of this is based on emotions and nothing more.

Throughout the Defendant's Chapter 7 process, the Plaintiff has managed to violate the automatic stay despite requests to stop.    Plaintiff has sent messages and called Defendant's family members and friends to slander her.    Plaintiff has bombarded the Chapter 7 Trustee and the Office of the United States Trustee with numerous requests to intervene.    This adversary is nothing more than Plaintiff's continued efforts to make Defendant's life difficult.

**B.      Summary of Complaint's Facts Re: 727(a) Claims**

Defendant filed for Chapter 7 bankruptcy on March 12, 2022.  The petition was filed in good faith.  At the 341(a) meeting of creditors, Defendant answered each question truthfully and to the best of her knowledge.   Defendant made some minor amendments to her bankruptcy papers to clarify or add to her prior disclosures.  She supplied declaration to the Chapter 7 Trustee in support of this.

According to Plaintiff's Complaint [beginning page 19 and ending on page 37], the Plaintiff does nothing more than recite events that have taken place at the Section 341(a) and in communications between parties.

Absolutely   nowhere   does   Plaintiff   state   what   the   alleged misrepresentations are.   For example, Plaintiff merely recites what took place at the  Section  341(a)  meeting  of  creditors  –  but  he  fails  to  state  what  exactly Defendant did or omit that was allegedly wrong warranting denial of discharge. Simply parroting testimony in a transcript is insufficient.

Defendant has been truthful and honest with her bankruptcy papers and disclosures.  She has not concealed or falsified with an intent to deceive anyone.

**III.**

**LEGAL STANDARD**

Under *Ashcroft v. Iqbal*, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  556 U.S. 662, 678 (2009).  To state a plausible claim for relief, a complaint must satisfy two working principles:

First, the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.   Threadbare recitations of the elements of a cause of action, supported by mere conclusory

1   statements, do not suffice….Second, only a complaint that states a plausible

2   claim for relief survives a motion to dismiss.  Determining whether a complaint

3   states a plausible claim for relief will…be a context-specific task that requires the

4   reviewing court to draw on its judicial experience and common sense.  *Id*. citing

5   Civil Rule 8(a)(2).  Under Civil Rule 8(a)(2), the complaint "does not require a

6   detailed factual allegations" but "it demands more than an unadorned, the-

7   defendant-unlawfully-harmed-me accusation…A pleading that offers 'labels and

8   conclusions' or a 'formulaic recitation of the elements of a cause of action will not

9   do.*' Id*. <u>citing</u> *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

10

11                                    **IV.**

12                                **ARGUMENT**

13          The Court should grant the Motion because the Plaintiff fails to state a

14  claim upon which relief can be granted.

15

16  **A.    Claims under both Section 523(a) Should Be Denied.**

17          Buried within the Complaint's confusing diatribe exists <u>four</u> claims under

18  Section 523(a), all of which are baseless and should be dismissed.

19

20          <u>Section 523(a)(2)(A)</u>

21          First, the Complaint's allegations under Section 523(a)(2)(A) should be

22  dismissed because the Plaintiff fails to state facts that support a plausible ground

23  that Defendant somehow harbored the requisite intent to defraud.

24          Under §523(a)(2)(A), the creditor must show actual intent, not merely

25  implied in law, or constructive intent.  The requisite intent may, however, be

26  inferred from the totality of the surrounding circumstances.  *In re Dakota*, 284

27  B.R. at 721 <u>citing to</u> *In re Anastas*, 94 F.3d 1280 (9th Cir. 1996).

28          Here, Plaintiff's Complaint fails to provide sufficient facts to establish that it

1  was Defendant's intent to defraud Plaintiff.  Plaintiff goes on to only mention their

2  previous relationship, which had no effect on the $11,000, where Plaintiff claims

3  he was defrauded. No oral communications were provided by Plaintiff to show

4  this actual intent.    Plaintiff only alleges communications the parties had

5  surrounding the need for assistance and other personal matters.    No facts

6  indicating intent to orally defraud Plaintiff in order to procure the loan needed to

7  help pay creditors of the Business.

8      A creditor must show the creditor was justified in relying on the debtor's

9  fraudulent conduct in obtaining the money, property or services. *Field v. Mans*,

10  516 U.S. 59, 73-76 (1995).  Reliance must be justifiable, but not reach the level

11  of reasonableness.  *In re Dakota*, 284 B.R. at 721; *In re Apte*, 180 B.R. at 229

12  (stating that "justifiable" reliance is a mixture of objective and subjective

13  standards, which takes into account knowledge and relationship of the parties

14  themselves).

15      The Complaint alleged there was " . . only one brief oral phone call over

16  Apple FaceTime . . . to finalize the nest steps of the loan request" [Complaint

17  Page 11, Lines 16-17].  There are no facts put forth by the Plaintiff to show he

18  was justified in relying on Defendant's conduct to obtain the money or services.

19  It is not justifiable to give $11,000 to a friend with mental issues and who just

20  started a shaky business venture with a partner whom you know very little about.

21  Complaint fails to show any due diligence done on Plaintiff's behalf such as

22  requesting paperwork to show the condition of the Business.  Complaint lacks

23  facts about the relationship between Plaintiff and Mendez ad therefore further

24  shows a lack of reasonable reliance.  As such, the Motion should be granted

25  dismissing the claims under Section 523(a)(2)(A).

26

27

28

1    Section 523(a)(2)(B)

2         Second, the Complaint's allegations under Section 523(a)(2)(B) also

3    should be dismissed because Section 523(a)(2)(B) provides an exception from

4    the discharge if there is a written statement that has been materially false with

5    respect to the debtor's financial affairs which was reasonably relied on with an

6    intent to deceive.

7         What written statements is the Plaintiff referring to here?  Plaintiff attached

8    a long strand of text messages that was had between the Plaintiff and Defendant

9    throughout this past year.  If he is in fact referring to those statements, there is

10   nothing put forth in that shows material fraudulent statements.  The texts contain

11   conversations about their personal lives and ridiculous statements such as "All I

12   want to do is to eat tacos with you. . ." [Complaint Page 8, Lines 25-26].

13   Additionally, there is nothing said in the conversations where Plaintiff could have

14   justifiably relied upon when he gave Defendant the money.  In a text message

15   that was attached to the Complaint, Defendant truthfully says "[She] can't make

16   anything new" until the debt to Printify was paid off. [Complaint Page 9, Lines 5-

17   6].  Plaintiff admits that Defendant was going through severe mental health

18   problems and still went on to send money to her. [Complaint Page 7, Lines 25-

19   26].  Lastly, there are no facts set forth in the Complaint that shows it was

20   Defendant's intent to deceive the Plaintiff.  In another text message attached to

21   the Complaint, Defendant says that ". . .I can pay you back quick and pay you

22   back the interest as well and give you back more if you want." [Complaint Page

23   8, Lines 19-22].  This shows that it was Defendants intent to pay Plaintiff back

24   when she was able to afford doing so, not her intent to deceive.  It is unclear

25   what written statements Plaintiff is seeking in support of 523(a)(2)(B). If he is

26   referring to the text messages, this falls short of any relief under this section.

27        As such, the Motion should be granted dismissing the claims under

28   Section 523(a)(2)(B).

1

<u>Section 523(a)(2)(C)</u>

2    Third, the Complaint's allegations under Section 523(a)(2)(C) also should

3    be dismissed because this section excepts from discharge consumer debts owed

4    to a single creditor and aggregating over $500 for luxury goods or services

5    incurred by an individual debtor on or within 90 days before the order of relief or

6    cash advances aggregating for more than $750 that are extensions of consumer

7    credit under the open end credit plan obtained by an individual debtor on or

8    within the 70 days before the order for relief.

9    Once again, we are left in the dark because there are no facts alleged to

10    show any luxury goods or cash advancements.  There is no indication of luxury

11    goods or cash advancements obtained by Defendant either.

12    As such, the Motion should be granted dismissing the claims under

13    Section 523(a)(2)(C).

14

15    <u>Section 523(a)(6)</u>

16    Fourth, the Complaint's allegations under Section 523(a)(6) also should be

17    dismissed because this section excepts from discharge debts "for willful and

18    malicious injury by the debtor to another entity or to the property of another

19    entity."  A willful and malicious injury under Section 523(a)(6) requires proof of a

20    "deliberate or intentional injury, not merely a deliberate or intentional act that

21    leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

22    To meet the willful injury requirement, Plaintiff must show either that the

23    Debtor had subjective motive to inflict the injury or that the debtor believed that

24    injury was substantially certain to occur as a result of their conduct.  *In re Su*, 290

25    F.3d 1140, 1143 (9th Cir. 2002).  In *In re Su*, the Ninth Circuit noted that the

26    willfulness and malice are two separate requirements that are not to be

27    "conflated" into a single inquiry, and made it clear that each alternative prong of

28    the willfulness showing must be based on a subjective standard.  The subjective

standard focuses on the debtor's state of mind and precludes application of Section 523(a)(6)'s non-dischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain. *In re Su*, 290 F.3d at 1146.

While Bankruptcy law governs whether a claim is non-dischargeable, the court looks to state law to determine whether an act falls within the underlying tort. *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999); See also *Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008) (holding that a breach of contract is not "willful and malicious" under Section 523(a)(6) unless accompanied by conduct that constitutes a tort under state law). It is vital to note that debts arising from recklessly or negligently inflicted injuries are not within the scope of Section 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. at 64; see *In re Quari*, 357 B.R. 793, 798 (Bkrtcy. N.D. Cal., 2006). Non-dischargeability under Section 523(a)(6) is limited "to those situations in which the debtor possesses subjective intent to cause harm or knowledge that harm is substantially certain to result from his actions." *In re Su*, 290 F.3d at 1145.

A malicious injury under this section involves: (1) a wrongful act; (2) done intentionally; (3) necessarily causes injury; and (4) is done without just cause or excuse. "Maliciousness' may be implied from circumstances surrounding the debtor's conduct, even without proof that the debtor acted with spite, hatred, or ill will toward the victim. *In re Ormsby*, 591 F.3d 1207 (9th Cir. 2010).

Here, the Complaint does not show any wrongful act, let alone a wrongful act with an intent to causes injury. The Complaint alleges Defendant requested a loan to help with a debt she had to "Printify" and called Plaintiff to ". . . warn Plaintiff what would purportedly happen to Defendant and her Business Partner, if the extension of credit and monies totaling of $11,000 from Plaintiff to Defendant was no rapidly approved and transferred to Defendant to submit to Printify . . . " [Complaint Page 11, Lines 12-14].

1  The Complaint has failed to show any wrongful action Defendant has

2 committed throughout their tenured relationship.  Additionally, the Complaint fails

3 to provide facts to show that it was Defendant's intent to hurt Plaintiff.  Defendant

4 was aspiring entrepreneur who had a failing business and reached out to a friend

5 to determine if he could offer a helping hand.  There are no facts indicating any

6 sort of threat, undue influence, or spite to inflict malicious injury.  No malice can

7 be implied as no facts show that through Defendant's course of action, she was

8 acting in a way to harm Plaintiff.  The parties have had a long-standing

9 relationship and Defendant was grateful for Plaintiff's helping hand.  Defendant

10 would have paid back the amount Plaintiff had given her if it was not for a falling

11 out with the Business and her need for a fresh start with the bankruptcy.

12  As such, the Motion should be granted dismissing the claims under

13 Section 523(a)(6).

14

15 **B. Claims under Section 727 Should Also Be Denied.**

16  The Complaint seeks to deny a discharge under <u>five</u> different bases, again,

17 all of which are baseless.

18

19  <u>Section 727(a)(2)</u>

20  First, the Complaint's allegations under Section 727(a)(2) should be

21 dismissed because 11 U.S.C. §727(a)(2)(A) provides that the court shall grant

22 the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud

23 a creditor or an officer of the estate charged with custody of property under this

24 title, has transferred, removed, destroyed, mutilated, or concealed, or has

25 permitted to be transferred, removed, destroyed, mutilated, or concealed

26 property of the debtor, within one year before the date of the filing of the petition.

27  Two elements comprise an objection to discharge under Section

28 727(a)(2)(A): (1) a disposition of property by or at the sufferance of the debtor by

transfer, removal, destruction, mutilation, or concealment; and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.

This section is construed liberally in favor of the debtor and strictly against those objecting to discharge.  Before a court can refuse a discharge under 11 U.S.C. §727(a)(2)(A), it must be shown that there was an actual transfer of valuable property belonging to the debtor which reduced the assets available to the creditors and which was made with fraudulent intent.  *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994).

Here, the Complaint provides no evidence to show it was the subjective intent of the Defendant delay, hinder, or defraud creditors.  The Complaint goes on to talk about the balance that was transferred to Defendant to pay off Printify. This was an outstanding debt that the Defendant had with regards to the Business.  Again, the Complaint fails to state facts to show how Defendant harbored the intent to defraud the Plaintiff  or anything to show Defendant's intent to delay the bankruptcy petition.  The Complaint shows several messages between the parties illustrating the relationship the two had for each other prior to the falling out.  By copying and pasting text message communications, the Complaint fails to show the connection on what exactly the Defendant said to defraud or to support the claim under Section 727(a)(2).  They were talking about things such as mental health issues, how hard they had been working, how difficult times are now, and how they wish all their issues would go away.

As such, the claim under Section 727(a)(2) should be dismissed.

<u>Section 727(a)(3)</u>

Second, the Complaint's allegations under Section 727(a)(3) should be dismissed because 11 U.S.C. §727(a)(3) provides that the court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

Here, the Complaint alleges *"[d]efendant has made numerous conflict amendments to their filings, first representing that they are unemployed and have no income, and months later do they amend to disclose some form of income and freelance work."* [Complaint Page 22, Lines 14-16].  These amounts are immaterial, and records were properly shown in order to clarify.  There are no facts set forth in the Complaint to show Defendant failed to keep any records.

What recorded information of Defendants did they conceal, destroy, mutilate, falsify, or fail to keep or preserve?  Defendant was truthful in the bankruptcy petition and listed all of her known debts and assets.  There are no other record that she could have kept.  All of the creditors were listed and all proper paperwork required for the bankruptcy were provided.  Plaintiff makes no attempt to state facts that would dictate a finding that Defendants violated Section 727(a)(3). There is no assertion, and no basis for an assertion that Section 727(a)(3) was violated.

1

<u>Section 727(a)(4)</u>

2    Third, the Complaint's allegations under Section 727(a)(4) should be

3    dismissed because 727(a)(4)(A) provides that the court shall grant the debtor a

4    discharge, unless the debtor *knowingly and fraudulently* made a false oath or

5    account.  The alleged omissions must be material.

6    Here, the Complaint improperly[1] incorporated the 341 meeting transcript.

7    Only the transcript was put forth and there was no additional information provided

8    to assert that the oath was false.   What was exactly the false oath to this

9    Bankruptcy Court or in the Defendant's petition, schedules and statement of

10   financial affairs?   The Complaint rings hollow as to this requirement.  The truth

11   is, there was none and therefore the Complaint should be dismissed as to this

12   cause of action.  The Complaint fails to identify what disclosures or statements

13   by Defendant were fraudulently presented.  The Complaint fails to identify facts

14   to show the Defendant "knowingly" and "fraudulently" made the false oaths.  The

15   Complaint fails to identify that alleged false oaths were material.

16   What did Defendants say in the Schedules that was false?  How was it

17   false?   After the 341(a) meeting, immaterial amendments were made to only

18   clarify some minor issues such as deposits.  Complaint fails to state facts to

19   show Defendant's intent to make false representations.   Merely reciting the

20   testimony at Defendant's 341(a) examination is not enough.   The Complaint

21   failed to allege facts showing a knowing and fraudulent false oath or account.

22   Complaint fails to contain supplemental facts to show exactly what the Defendant

23   said was false at her 341(a) meeting.   There is no assertion, and no basis for an

24   assertion that Section 727(a)(4) was violated.

25

26   [1] It appears Plaintiff illegally recorded the 341(a) examination using his own

27   recording device.  The proper procedure is to request from the U.S. Trustee's Office
     a copy of the recording as required by the rules.  Then, Plaintiff needs to have the
     audio transcribed using an approved transcription service.  As such, any alleged

28   facts with respect to testimony held should be stricken from the Complaint.

Section 727(a)(5)

Fourth, the Complaint's allegations under Section 727(a)(5) should be dismissed because 11 U.S.C. § 727(a)(5) provides that the court shall grant the debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

What exactly has Defendant failed to explain and where?   The Complaint alleged that "Plaintiff agreed to extend $11,000 in electronic transfers via PayPal and Venmo to Defendant. . ." [Complaint Page 11, Lines 20-21].   Both parties were aware that the loan was to be used for the purpose of paying off a outstanding loan to "Printify" so Defendant would be able to operate her business.   Defendant has laid out all of her assets and debts in her bankruptcy petition and answered all of the questions during the 341 meeting truthfully. Once Defendant realized that there was a small misunderstanding, she quickly amended her petition papers to give more insight into deposit accounts.  There is no assertion, and no basis for an assertion that Section 727(a)(5) was violated.


Section 727(a)(7)

Fifth, the Complaint's allegations under Section 727(a)(7) should be dismissed because Section 727(a)(7) provides that the court shall grant the debtor a discharge unless the debtor has "committed any act specified in paragraphs (2), (3), (4), (5), or (6) of this subsection or within one year before the date of filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider. An insider is defined under 11 U.S.C. § 101 (31)(A)(i-iv) as "if the debtor is an individual relative to the debtor or of a general partner of the debtor; partnership in which the debtor is a general partner; general partner of the debtor; or corporation of which the debtor is a director, officer, or a person in control."

1    Here, the Complaint fails to state any claims under Sections 727(a)(2)-(6)

2  and consequently results in the Complaint's failure to state a claim under Section

3  727(a)(7).   The Complaint must show facts to warrant relief under those

4  subsections, which the Complaint fails to do.   There was no insider relationship

5  between the Defendant and Mendez and Plaintiff has failed to show that either.

6  The burden is on the Plaintiff to establish in his Complaint the alleged "insider"

7  relationship to even reach a claim for relief under this section.

8    Therefore, the Complaint fails to state a claim under Section 727(a)(7).

9

10  **C.    Miscellaneous Claims in the Complaint Should be Dismissed as Well.**

11    The Plaintiff has raised the following claims which are procedural incorrect

12  and have no grounds for relief as well.

13    Section 2201

14    First, "declaratory judgment" under 28 U.S.C. § 2201.  It is unknown at the

15  moment whether even this Bankruptcy Court has jurisdiction to entertain such

16  request.  Assuming the Court does, the Complaint fails to state a claim for relief

17  under this statute because this statue, 28 U.S.C. § 2201 appears to involve "any

18  civil action involving an antidumping or countervailing duty proceeding…".  This is

19  not the case here and therefore neither the facts in the Complaint nor

20  accusations made warrant relief under this statute.

21    Section 707(a) and (b)

22    **Second**, Plaintiff alleges causes of action under Sections **707(a) and (b)**.

23  These sections are mostly reserved for the Office of the United States Trustee

24  and brought by way of a motion in the main bankruptcy case, not through an

25  adversary proceeding under FRBP 7001. Nevertheless, reviewing the Complaint,

26  the Plaintiff merely incorporates this baseless allegations in support of these two

27  sections.  This is insufficient to warrant relief and the Court should dismiss the

28  causes of action under Section 707(a) and (b) as plead in the Complaint.

# V.

## CONCLUSION

Here, Plaintiff has not demonstrated nor can he demonstrate viable claims pursuant to Sections 523(a)(2), (4), and (6), Sections 727(a)(2),(3), (4),(5), or (7) or 707(a) or (b).    These causes of action lack any liability and were no doubt filed for the purpose to harass the Defendant.    It is particularly so when one examines the Complaint, which consists of bare-bones boilerplate conclusions.

For the above reasons, Defendant prays that this Court dismisses the Complaint **with prejudice**.  The Plaintiff should not be granted leave to amend because no amendment will rectify the sheer lack of facts necessary to reach the level needed to warrant relief under these sections.

Dated: July 13, 2022                          Respectfully submitted,


                                              /s/ Sevan Gorginian
                                              Sevan Gorginian
                                              Counsel for Defendant

1

## PROOF OF SERVICE OF DOCUMENT

2

I am over the age of 18 and not a party to this bankruptcy case or adversary
proceeding.  My business address is: **450 N. Brand Blvd. Suite 600 Glendale,**

3

**CA 91203**.  A true and correct copy of the foregoing document entitled (*specify*):
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT** will be served or was served

4

**(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d);

5

and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

6

**(NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document

7

will be served by the court via NEF and hyperlink to the document. On**7/13/22**, I
checked the CM/ECF docket for this bankruptcy case or adversary proceeding

8

and determined that the following persons are on the Electronic Mail Notice List
to receive NEF transmission at the email addresses stated below:

9

Amy L Goldman (TR)

10

marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+G
oldman@titlexi.com

11

Sevan Gorginian on behalf of Debtor Lusine Cristine Dokuzyan

12

sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.
com

13

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

14

15

**2.  SERVED BY UNITED STATES MAIL**:

16

On **7/13/22**, I served the following persons and/or entities at the last known
addresses in this bankruptcy case or adversary proceeding by placing a true and

17

correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a

18

declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

19

20

**PRESIDING JUDGE**
Hon. Martin R. Barash

21

21041 Burbank Blvd. Suite 342
Woodland Hills, CA 91367

22

23

**PLAINTIFF**
Hovanes John Tonoyan

24

6627 Beeman Avenue

25

North Hollywood, CA 91606

26

I declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct.

27

**July 13, 2022**          **Ani Minasyan**          **/s/ Ani Minasyan**

28

*Date*                          *Name*                          *Signature*