HOVANES JOHN TONOYAN
6627 Beeman Ave
North Hollywood CA, 91606
T: 818 281 7473
E: hoviktonoyan@gmail.com

*Pro Se / Self-Represented*

FILED

AUG 17 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>LUSINE CRISTINE DOKUZYAN,<br><br>          Debtor(s).<br><br>---<br><br>HOVANES JOHN TONOYAN, an individual,<br><br>          Plaintiff(s),<br><br>     vs.<br><br>LUSINE CRISTINE DOKUZYAN, an individual,<br><br>          Defendant(s). | BK Case No.: 1:22-bk-10283-MB (Chapter 7)<br>AP Case No.: 1:22-ap-01028-MB<br><br>**(CREDITOR/PLAINTIFF)**<br><br>**Plaintiff's Opposition to Defendant's 12(b)(6) Motion to Dismiss (in the AP case):**<br><br>**HEARINGS (consolidated):**<br>• **Defendant's 12(b)(6) Motion to Protective Order (AP)**<br><br>Date: August 31, 2022<br>Time: 2:30PM PST<br>Place: Courtroom 303, or via Zoom<br>          21401 Burbank Boulevard<br>          Woodland Hills, CA 91367 |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; THE CHAPTER 7 TRUSTEE; THE DEBTOR; COUNSELS; AND ALL OTHER PARTIES IN INTEREST:**

The Plaintiff's *Opposition* will be based on attached memorandum of points and authorities, case records on file, and on such oral arguments as may be presented at the hearing.

Plaintiff **respectfully requests** that the Court on *regular, shortened, or ex parte notice for good cause shown* by way of § 105(a), FRBP 9006(b)-(d), LBR 9013-1(c)(2), (d)(1)-(2), and (o)(1), consider any part of the 12(b)(6) motion and related opposition on the briefs without hearing—*in advance* of August 31, 2022; or alternatively to set it for hearing and consider any part of the 12(b)(6) motion and related opposition with or without oral arguments during the August 31, 2022 *consolidated hearings*; or alternatively, continue any part of the 12(b)(6) and related opposition for a later determination on the briefs without hearing; or set any part of the 12(b)(6) motion for a future hearing on the briefs and with or without oral arguments. **Plaintiff requests** considerations of the 12(b)(6)and related opposition to be *without examination or live testimony of the Plaintiff.*

If the Plaintiff files a *First Amended Complaint*, as a matter of course or by leave of Court, then the **Plaintiff requests** that the Court deny *Defendant's 12(b)(6) Motion to Dismiss* as moot and take it off calendar, without further consideration, briefing, or argument of it or reference to it for any matter. Alternatively, if the Court is inclined to admit or consider any portion of the *12(b)(6) Motion to Dismiss* whether mooted or not, Plaintiff will attempt to file briefs and orally argue oppositions and objections to preserve their rights and prepare to defend their position. If the Court orders an examination or live testimony of any party supporting or opposing the motion, **Plaintiff requests** a continuance of the hearing.

The **Plaintiff respectfully requests** that the Court, as a preliminary matter *prior* to hearing and consideration, *screen the 12(b)(6) Motion to Dismiss* to determine or reject the appropriateness of converting it to a *Rule 56 Motion for Summary Judgement* and provide notice and later opportunity to the parties to present their positions and to take discovery, if such a determination is made. If the Court orders an examination of any party supporting or opposing the motion, **Plaintiff requests** a continuance of the hearing. Alternatively, the **Plaintiff requests** that the Court *defer the hearing and deciding of the*

1 | *Rule 12(b)(6) Motion to Dismiss until trial,* pursuant to Federal Rules of Civil Procedure - *Rule 12(i).*

2 |     Plaintiff requests that only in the case of any oral argument or hearing the Court to compel the

3 | attendance and production of the Defendant and any other witness they use or reference to support their

4 | motion, so that the Court and the Plaintiff may examine them under oath.

5 |     If the Court makes any consideration of extraneous matters beyond the pleadings, including

6 | factual assertions of the Defendant as well as their separate Motion for Protective Order (BK Doc 20),

7 | then Plaintiff references the attachments in his Opposition to the Motion for Protective Order such as the

8 | evidentiary *Declaration* signed under penalty of perjury, and other documentary, photographic, or

9 | written evidence—in support of his *opposition to the Motion to Dismiss.*

# TABLE OF CONTENTS

**I.**  **PRELIMINARY STATEMENT**..................................................... **Pg. 9**

**II.**  **STATEMENT OF FACTS**........................................................ **Pg. 11**

**III.**  **LEGAL STANDARD**...........................................................

  **a.**  **Opposition to 12(b)(6) Motion to Dismiss**

  **b.**  **Production of Declarants or Witnesses for Examination**

  **c.**  **Protection Against Scandalous or Defamatory Matters**

**IV.**  **ARGUMENT**

  **a.**  **Opposition against Motion for Protective Order**...........................

    *i.*  *Defendant does not comply with rules,*

    *ii.*  *Defendant alleges or references extraneous matters beyond the pleadings,*

    *iii.*  *Court should disregard extraneous matters, or convert to Summary Judgement,*

    *iv.*  *Plaintiff's allegations of fact accepted as true state a claim for relief,*

    *v.*  *Dismissal is improper and premature at this stage of the proceedings,*

    *vi.*  *Plaintiff would be prejudiced,*

    *vii.*  *Court should sustain evidentiary, procedural, or substantive objections,*

    *viii.*  *Court should defer hearing and deciding of the motion until trial, as alternative,*

    *ix.*  *Court should grant Plaintiff leave to amend and supplement the Complaint,*

    *x.*  *Court should admit against Defendant their assertions corroborating Plaintiff;*

  **b.**  **Production of Declarants or Witnesses for Examination**......................

    *i.*  *Defendant's assertions and contentions fall short in credibility and weight,*

    *ii.*  *Court should call Defendant, or their declarants or witnesses for examination,*

    *iii.*  *Court should conduct its own examination of Defendant, declarants, or witnesses,*

    *iv.*  *Court should control mode and allow leading-questions examining Defendant, et. al;*

  **c.**  **Protection Against Scandalous or Defamatory Matters**......................

    *i.*  *Scandalous or Defamatory materials are statutorily excepted from public access,*

    *ii.*  *Plaintiff has identified Scandalous or Defamatory materials filed in the proceedings,*

    *iii.*  *Plaintiff as a party in interest requests Court to protect Plaintiff from the materials,*

    *iv.*  *Materials are Scandalous because they cast disgrace, offense, or shame on Plaintiff,*

1             *v.*   *Materials are Defamatory because they are Untrue or Potentially Untrue,*

2            *vi.*   *Materials are so Misleading in context as to be deemed Facially Inaccurate,*

3           *vii.*   *Untruthfulness of the Defamatory materials are readily apparent,*

4
5         *viii.*   *Potential Untruthfulness alters Plaintiff's reputation in the eyes of reasonable people,*

      *ix.*   *Potential Untruthfulness is Irrelevant and/or is included for an Improper End,*

6
7            *x.*   *Court has duty to protect Plaintiff after statutorily excepted materials ascertained;*

8   **V.    CONCLUSION**.................................................................................

9      → Court should **grant** Plaintiff's requests,

10     → Court should **deny** Defendant's motions;

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Bankruptcy Code**

**United States Code**

28 U.S.C. § 1746

**Primary Sources**

**Secondary Sources**

Wayson v. Rundell, 4:06-cv-00001 JWS (D. Alaska Dec. 4, 2006)

Appel v. Wolf, Case No.: 18CV814 L (BGS) (S.D. Cal. Jan. 25, 2019)

**Federal Rules of Evidence**

Fed. R. Evid. 614

**Federal Rules of Civil Procedure**

**Federal Rules of Bankruptcy Procedure**

**Local Bankruptcy Rules of the Central District of California**

**Local Civil Rules of the Central District of California**

**Standing Chamber Procedures of the Honorable Judge Martin R. Barash**

# I.

## PRELIMINARY STATEMENT

Plaintiff raises arguments to streamline ongoing bankruptcy and adversary proceedings, and to oppose contentions and motions proffered by the Defendant. The proceedings at issue involve commercial and financial disputes, which began with the Defendant borrowing money from creditors such as the Plaintiff, then gifting thousands of borrowed funds to an insider business partner of the Defendant, and lastly culminated in a rush to the courthouse doors weeks later to shortcut her way to a blanket discharge of those debts. Plaintiff, as one of the swindled-from creditors, sought to vindicate his rights by the filing of an adversary proceeding and lawful participation in bankruptcy case matters. The Defendant—enraged by Plaintiff's zealous advocacy and resilience against her abusive tactics—now seeks to stifle the Plaintiff's rights by filing two baseless motions lodging imagined, paranoiac accusations against Plaintiff.

The Defendant, as part of her effort to swipe thousands from the Plaintiff, overtly threatened to commit suicide if Plaintiff did not loan her thousands. To mask her threat and manufacture legitimacy around it, the Defendant made false representations regarding assets, liabilities, and revenues, including sending various records of sales and property belonging to the insider business partner but claiming them as her own. In a nutshell, the Plaintiff then loaned her thousands after her threats and misrepresentations.

Now, months later, to frantically shield her discharge efforts, the Defendant has upped her ante by flipping the narrative against Plaintiff and falsely accusing Plaintiff of threats that she herself crafted and pressured the Plaintiff with—even though the Plaintiff *has been and still is* 7000+ miles away since months before the bankruptcy—all to now further pressure the Plaintiff to abandon his litigation and rights to relief. These efforts stem from the Defendant's bizarre obsession of injuring Plaintiff *a second time* through a combination of financial and reputational assaults. Plaintiff will not be dissuaded by Defendant's tactics and has come before this Court in order to control the matter through this *Opposition* before the Defendant's litigation tactics metastasize and run wild. **The Plaintiff begs the Court to dispense justice by *granting* his Opposition and requests, and *denying* the pending motions of the Defendant.**

1

## II.

## STATEMENT OF FACTS

Plaintiff filed a timely Complaint on June 24, 2022.

Defendant filed a 12(b)(6) Motion to Dismiss the Complaint on July 13, 2022.

Defendant and Plaintiff never worked together at Samsung.

Plaintiff incorporates and references all factual assertions in his Complaint from June 24, 2022, as well as all factual assertions made in his Motion for Protective Order and attached Declaration.

# III.

# LEGAL STANDARD

### a. *Opposition against 12(b)(6) Motion to Dismiss*

Shugart v. Gypsy, No. 2:14-CV-1923RSM, at *2-3 (W.D. Wash. May 1, 2015) ("As an

initial matter, the Court must first consider whether it should consider the materials submitted by

Defendant Fleming outside the pleadings and thereby convert Plaintiff's Motion to Dismiss into one for

summary judgment. Federal Rule of Civil Procedure 12(d) governs the Court's consideration

of matters outside the pleadings submitted on a motionto dismiss for failure to state a claim. This Rule

provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and

not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The court's decision whether to consider "matters outside the pleadings" - that is, materials beyond those

incorporated into or attached to the pleadings or of which the court may take judicial notice - is a

discretionary one. See Dreamdealers USA, LLC v. Lee Poh Sun, 2014 WL 3919856 (D. Nev. 2014).")

Wayson v. Rundell, 4:06-cv-00001 JWS, at *3 (D. Alaska Dec. 4, 2006) ("A claim should only

be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." A dismissal for failure to state a claim can be based on either "the

lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." ")

*Appel v. Wolf*, Case No.: 18CV814 L (BGS), at *7 (S.D. Cal. Jan. 25, 2019) ("This is consistent

with the court's options when faced with a Rule 12(b)(6) challenge that includes submission of

materials beyond the pleadings. When a defendant submits materials beyond the pleadings in bringing a

Rule 12(b)(6) challenge, the district court may choose not to consider those submissions and confine the

analysis to the legal sufficiency of the pleadings or convert the motion into one for summary judgment

and allow the parties an opportunity to present pertinent materials. Fed. R. Civ. P. 12(d). Rule 12(d) only

requires the court to convert a motion to dismiss to a motion for summary judgment if "matters outside

the pleadings are presented to *and not excluded* by the court." Fed. R. Civ. P 12(d)(emphasis added); *see*

*also In re Mortg. Registration Sys., Inc.*, 754 F.3d 772, 781(9th Cir. 2014) (finding a motion to dismiss

is not converted into a motion for summary judgment when the record lacks any indication the court

considered extraneous materials). A "district court 'exclude[s]' the materials by failing to rely on them

when ruling on the motion to dismiss." *Hicks*, 897 F.3d at 1118. ")

"Generally, a district court may not consider any material beyond the pleadings in ruling on

a Rule 12(b)(6) motion." "When `matters outside the pleading are presented to and not excluded by the

court,' a Rule 12(b)(6) motion is to `be treated as one for summary judgment and disposed of as

provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made

pertinent to such a motion by Rule 56.'" "`However, material which is properly submitted *as part of the*

*complaint* may be considered' on a motion to dismiss."

    *Hal Roach Studios, Inc. v. Richard Feiner Co.*, 896 F.2d 1542, 1555 n. 9 (9th Cir. 1990).

    *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (quoting Fed.R.Civ.P. 12(b)).

    *Id.* (quoting *Hal Roach Studios*, 896 F.2d at 1555 n. 19 (emphasis added))

    *Shugart v. Gypsy*, No. 2:14-CV-1923RSM, at *6 (W.D. Wash. May 1, 2015) (""The court should

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where claims are

dismissed under Rule 12(b)(6), the court "should grant leave to amend.unless it determines that

the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,

1127 (9th Cir. 2000). Leave to amend need not be granted, and dismissal may be ordered with prejudice,

if amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *see*

*also Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). ""

*b.* ___Production of Declarants or Witnesses for Examination___

Fed. R. Evid. 614 ("(a) CALLING. The court may call a witness on its own or at a party's request. Each party is entitled to cross-examine the witness.(b) EXAMINING. The court may examine a witness regardless of who calls the witness.(c) OBJECTIONS. A party may object to the court's calling or examining a witness either at that time or at the next opportunity when the jury is not present.")

*c.* ___Protection Against Scandalous or Defamatory Matters___

Scandalous or Defamatory materials are statutorily excepted from public access under 11 U.S.C. § 107(b)(2) which states that "on request of a party in interest, the bankruptcy court shall... protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

Plaintiff has identified Scandalous or Defamatory materials filed in the proceedings.

Plaintiff as a party in interest requests Court to protect Plaintiff from the materials.

Materials are Scandalous because they cast disgrace, offense, or shame on Plaintiff. *Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants*, 661 F.3d 417, 432-33 (9th Cir. 2011) ("The Oxford English Dictionary defines "scandalous" as, among other things, "bringing discredit on one's class or position" or "grossly disgraceful." Oxford English Dictionary 575 (2d ed.2001). Other dictionaries offer similar definitions. *See, e.g.,* Webster's New World College Dictionary 1279 (4th ed.2005) ("offensive to a sense of decency or shocking to the moral feelings of the community; shameful"). Under ordinary usage, then, matter is "scandalous" if it disgraceful, offensive, shameful and the like. There is no requirement that the material be either "untrue" or "potentially untrue" or that it be irrelevant or included within a court filing for "an improper end." Because the statute is unambiguous, and does not include the glosses provided by *Gitto Global* and *Neal,* our interpretative inquiry is at an end. *See Germain,* 503 U.S. at 254, 112 S.Ct. 1146 ("When the words of a statute are unambiguous, then ... judicial inquiry is complete." (internal quotation marks omitted)). We therefore hold that the party seeking non-disclosure must establish only that the matter is scandalous as that word is commonly

1  understood.") *Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants*, 661 F.3d

2  417, 429 (9th Cir. 2011) (" materials were "scandalous" if they were likely to cause a reasonable person

3  to alter his or her opinion of the priests, and were either "untrue" or "potentially untrue and irrelevant or

4  included within a bankruptcy filing for an improper end." Fathers M and D argue that

5  the bankruptcy court erred in construing the word "scandalous" in this manner, and thus erred in ruling

6

7  that the § 107(b) exception was inapplicable to them.")

8      Materials are Defamatory because they are Untrue or Potentially Untrue. *In re Gitto Global*

9  *Corp.*, 422 F.3d 1, 11-12 (1st Cir. 2005) ("Therefore, we hold that a party may seek protection under §

10  107(b)(2) based on *potentially* untrue information that would alter his reputation in the eyes of a

11  reasonable person. To obtain protection, however, an additional showing must be made.")

12      Materials are so Misleading in context as to be deemed Facially Inaccurate.

13

14      Untruthfulness of the Defamatory materials are readily apparent.

15      Potential Untruthfulness alters Plaintiff's reputation in the eyes of reasonable people. *In re Gitto*

16  *Global Corp.*, 422 F.3d 1, 14 (1st Cir. 2005) ("material that would cause a reasonable person to alter his

17  opinion of an interested party triggers the protections of § 107(b)(2) based on a showing that either (1)

18  the material is untrue, or (2) the material is potentially untrue and irrelevant or included within a

19  bankruptcy filing for an improper end.")

20      Potential Untruthfulness is Irrelevant and/or is included for an Improper End. *In re Gitto Global*

21  *Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) ("gratifying public spite, promoting public scandal, and using court

22  files as "reservoirs of libelous statements for press consumption."") and is not *"of concern to the*

23  mission of the bankruptcy court."" *In re Gitto Global Corp.*, 422 F.3d 1, 16 (1st Cir. 2005) ("filed for

24  "strategic reasons which would not be apparent[ ] on its face"")

25      Court has duty to protect Plaintiff after statutorily excepted materials ascertained.

26

27

28

# IV.

# ARGUMENT

### a. *Opposition against 12(b)(6) Motion to Dismiss*

Defendant does not comply with rules, which do not allow consideration of matters beyond the pleadings unless it is converted to Summary Judgment.

Defendant alleges or references extraneous matters beyond the pleadings, or which try to contradict or dispute the pleadings, which are referenced below:

| | |
|---|---|
| Doc 3 Page 6<br><br>Lines 6-8 | "Plaintiff's Complaint contains an emotionally charged rant that stems from a friendship between the parties that turned sour. Pro per Plaintiff appears to have retained a bankruptcy attorney to piecemeal this Complaint which contains only personal attacks but it does not rise to the level necessary to support any of the claims asserted. Cause exists to dismiss the Complaint without leave to amend because no amendment will help keep this Complaint alive." |
| Doc 3 Page 6<br><br>Lines 13-24 | "the Defendant became indebted to the Plaintiff in an amount of $11,000 for a small embroidery business she was trying to start. Plaintiff became enraged when he realized that she was in this embroidery business with a male friend. After this, Plaintiff engaged in a tantrum by sending block-paragraph text messages and phone calls to Defendant telling her to go kill herself, that she is the worst person on Earth and that he would do everything he can to make her life miserable. Plaintiff has contacted Defendant's friends and acquittances to disparage her reputation as well (this is part of the Defendant's separately filed motion for protective order to avoid Plaintiff having access to the names of people she gave money to). The Complaint lacks details of conduct arising to the level of fraud and misconduct warranting the claims alleged in the Complaint. For the reasons stated below, the Plaintiff asks the Court to dismiss the Complaint with prejudice." |
| Doc 3 Page 7<br><br>Lines 7-8 | "Defendant and Mendez decided to start a small business venture together called "StitchCult" ("Business") which no longer operates." |
| Doc 3 Page 7<br><br>Lines 10-13 | "Mendez had to pay off a debt to Printify in which he incurred with respect to this Business. Printify is an online platform that allows entrepreneurs to advertise material and collect proceeds (similar to Shopify or Etsy)." |
| Doc 3 Page 7 | "Had the Defendant wanted to defraud Plaintiff, as he alleges, Defendant would not have paid anything back to Defendant. The fact |

| | |
|---|---|
| Lines 19-21 | that Defendant did repay some of the money, shows she had good intentions." |
| Doc 3 Page 7<br><br>Lines 26 | "Plaintiff voluntarily decided to transfer about $11,000" |
| Doc 3 Page 7<br><br>Lines 27-28 | "However, at no point in time did Defendant ever make any misrepresentations to the Plaintiff to entice him to make this loan or extension of credit. " |
| Doc 3 Page 8<br><br>Lines 1-5 | "There exists absolutely no evidence that Defendant coerced the Plaintiff into giving the funds nor was it her intent to deceive Plaintiff. Defendant was only inquiring about a potential loan with an intent to pay Plaintiff back, similar to how she did with the computers that were purchased." |
| Doc 3 Page 8<br><br>Lines 6-12 | "Plaintiff, without any demand, took steps to ensure that Defendant got the money to pay off the balance to Printify. It appears this upset the Plaintiff because Plaintiff allegedly believed he was only helping Defendant personally, and not Mendez nor the Business. When Plaintiff realized that Mendez also benefitted, that is when Plaintiff became jealous, envious, and enraged. Plaintiff thought Defendant somehow defrauded him to benefit Mendez. That is far from the truth and there exists no evidence to suggest otherwise." |
| Doc 3 Page 8<br><br>Lines 13-18 | "The Business ended up not working out and it failed. Defendant has experienced her own mental health issues, which are privileged. This led the Plaintiff to begin his barrage of hateful messages intending to cause Plaintiff to hurt herself. Plaintiff suggested Defendant kill herself because he, Plaintiff, would not stop until he felt satisfied that he destroyed her. All of this is based on emotions and nothing more." |
| Doc 3 Page 8<br><br>Lines 19-24 | "Throughout the Defendant's Chapter 7 process, the Plaintiff has managed to violate the automatic stay despite requests to stop. Plaintiff has sent messages and called Defendant's family members and friends to slander her. Plaintiff has bombarded the Chapter 7 Trustee and the Office of the United States Trustee with numerous requests to intervene. This adversary is nothing more than Plaintiff's continued efforts to make Defendant's life difficult." |
| Doc 3 Page 9<br><br>Lines 2-16 | "The petition was filed in good faith. At the 341(a) meeting of creditors, Defendant answered each question truthfully and to the best of her knowledge. Defendant made some minor amendments to her bankruptcy papers to clarify or add to her prior disclosures. She supplied declaration to the Chapter 7 Trustee in support of this. According to Plaintiff's Complaint [beginning page 19 and ending on page 37], the Plaintiff does nothing more than recite events that have taken place at the Section 341(a) and in communications between |

| | |
|---|---|
| | parties. Absolutely nowhere does Plaintiff state what the alleged misrepresentations are. For example, Plaintiff merely recites what took place at the Section 341(a) meeting of creditors – but he fails to state what exactly Defendant did or omit that was allegedly wrong warranting denial of discharge. Simply parroting testimony in a transcript is insufficient. Defendant has been truthful and honest with her bankruptcy papers and disclosures. She has not concealed or falsified with an intent to deceive anyone." |
| Doc 3 Page 11<br><br>Lines 1-7 | "Plaintiff goes on to only mention their previous relationship, which had no effect on the $11,000, where Plaintiff claims he was defrauded. No oral communications were provided by Plaintiff to show this actual intent. Plaintiff only alleges communications the parties had surrounding the need for assistance and other personal matters. No facts indicating intent to orally defraud Plaintiff in order to procure the loan needed to help pay creditors of the Business." |
| Doc 3 Page 11<br><br>Lines 17-24 | "There are no facts put forth by the Plaintiff to show he was justified in relying on Defendant's conduct to obtain the money or services. It is not justifiable to give $11,000 to a friend with mental issues and who just started a shaky business venture with a partner whom you know very little about. Complaint fails to show any due diligence done on Plaintiff's behalf such as requesting paperwork to show the condition of the Business. Complaint lacks facts about the relationship between Plaintiff and Mendez ad therefore further shows a lack of reasonable reliance." |
| Doc 3 Page 12<br><br>Lines 7-26 | "What written statements is the Plaintiff referring to here? Plaintiff attached a long strand of text messages that was had between the Plaintiff and Defendant throughout this past year. If he is in fact referring to those statements, there is nothing put forth in that shows material fraudulent statements. The texts contain conversations about their personal lives and ridiculous statements such as "All I want to do is to eat tacos with you. . ." [Complaint Page 8, Lines 25-26]. Additionally, there is nothing said in the conversations where Plaintiff could have justifiably relied upon when he gave Defendant the money. In a text message that was attached to the Complaint, Defendant truthfully says "[She] can't make anything new" until the debt to Printify was paid off. [Complaint Page 9, Lines 5- 6]. Plaintiff admits that Defendant was going through severe mental health problems and still went on to send money to her. [Complaint Page 7, Lines 25- 26]. Lastly, there are no facts set forth in the Complaint that shows it was Defendant's intent to deceive the Plaintiff. In another text message attached to the Complaint, Defendant says that ". . .I can pay you back quick and pay you back the interest as well and give you back more if you want." [Complaint Page 8, Lines 19-22]. This shows that it was Defendants intent to pay Plaintiff back when she was able to afford doing so, not her intent to deceive. It is unclear what written |

| | |
|---|---|
| | statements Plaintiff is seeking in support of 523(a)(2)(B). If he is referring to the text messages, this falls short of any relief under this section." |
| Doc 3 Page 13<br><br>Lines 9-11 | "Once again, we are left in the dark because there are no facts alleged to show any luxury goods or cash advancements. There is no indication of luxury goods or cash advancements obtained by Defendant either." |
| Doc 3 Page 14<br><br>Lines 22-28 | "Here, the Complaint does not show any wrongful act, let alone a wrongful act with an intent to causes injury. The Complaint alleges Defendant requested a loan to help with a debt she had to "Printify" and called Plaintiff to ". . . warn Plaintiff what would purportedly happen to Defendant and her Business Partner, if the extension of credit and monies totaling of $11,000 from Plaintiff to Defendant was no rapidly approved and transferred to Defendant to submit to Printify . . . " [Complaint Page 11, Lines 12-14]." |
| Doc 3 Page 15<br><br>Lines 1-11 | "The Complaint has failed to show any wrongful action Defendant has committed throughout their tenured relationship. Additionally, the Complaint fails to provide facts to show that it was Defendant's intent to hurt Plaintiff. Defendant was aspiring entrepreneur who had a failing business and reached out to a friend to determine if he could offer a helping hand. There are no facts indicating any sort of threat, undue influence, or spite to inflict malicious injury. No malice can be implied as no facts show that through Defendant's course of action, she was acting in a way to harm Plaintiff. The parties have had a long-standing relationship and Defendant was grateful for Plaintiff's helping hand. Defendant would have paid back the amount Plaintiff had given her if it was not for a falling out with the Business and her need for a fresh start with the bankruptcy." |
| Doc 3 Page 16<br><br>Lines 10-22 | "Here, the Complaint provides no evidence to show it was the subjective intent of the Defendant delay, hinder, or defraud creditors. The Complaint goes on to talk about the balance that was transferred to Defendant to pay off Printify. This was an outstanding debt that the Defendant had with regards to the Business. Again, the Complaint fails to state facts to show how Defendant harbored the intent to defraud the Plaintiff or anything to show Defendant's intent to delay the bankruptcy petition. The Complaint shows several messages between the parties illustrating the relationship the two had for each other prior to the falling out. By copying and pasting text message communications, the Complaint fails to show the connection on what exactly the Defendant said to defraud or to support the claim under Section 727(a)(2). They were talking about things such as mental health issues, how hard they had been working, how difficult times are now, and how they wish all their issues would go away." |

| Doc 3 Page 17<br><br>Lines 12-21 | "These amounts are immaterial, and records were properly shown in order to clarify. There are no facts set forth in the Complaint to show Defendant failed to keep any records.<br>What recorded information of Defendants did they conceal, destroy, mutilate, falsify, or fail to keep or preserve? Defendant was truthful in the bankruptcy petition and listed all of her known debts and assets. There are no other record that she could have kept. All of the creditors were listed and all proper paperwork required for the bankruptcy were provided. Plaintiff makes no attempt to state facts that would dictate a finding that Defendants violated Section 727(a)(3)." |
|---|---|
| Doc 3 Page 18<br><br>Lines 6-23 | "Here, the Complaint improperly1 incorporated the 341 meeting transcript. Only the transcript was put forth and there was no additional information provided to assert that the oath was false. What was exactly the false oath to this Bankruptcy Court or in the Defendant's petition, schedules and statement of financial affairs? The Complaint rings hollow as to this requirement. The truth is, there was none and therefore the Complaint should be dismissed as to this cause of action. The Complaint fails to identify what disclosures or statements by Defendant were fraudulently presented. The Complaint fails to identify facts to show the Defendant "knowingly" and "fraudulently" made the false oaths. The Complaint fails to identify that alleged false oaths were material.<br>What did Defendants say in the Schedules that was false? How was it false? After the 341(a) meeting, immaterial amendments were made to only clarify some minor issues such as deposits. Complaint fails to state facts to show Defendant's intent to make false representations. Merely reciting the testimony at Defendant's 341(a) examination is not enough. The Complaint failed to allege facts showing a knowing and fraudulent false oath or account. Complaint fails to contain supplemental facts to show exactly what the Defendant said was false at her 341(a) meeting." |
| Doc 3 Page 18<br><br>Footnote 1 | "It appears Plaintiff illegally recorded the 341(a) examination using his own recording device. The proper procedure is to request from the U.S. Trustee's Office a copy of the recording as required by the rules. Then, Plaintiff needs to have the audio transcribed using an approved transcription service. As such, any alleged facts with respect to testimony held should be stricken from the Complaint." |
| Doc 3 Page 19<br><br>Lines 7-16 | "What exactly has Defendant failed to explain and where? The Complaint alleged that "Plaintiff agreed to extend $11,000 in electronic transfers via PayPal and Venmo to Defendant. . ." [Complaint Page 11, Lines 20-21]. Both parties were aware that the loan was to be used for the purpose of paying off a outstanding loan to "Printify" so Defendant would be able to operate her business. Defendant has laid out all of her assets and debts in her bankruptcy petition and answered all of the questions during the 341 meeting |

|  | truthfully. Once Defendant realized that there was a small misunderstanding, she quickly amended her petition papers to give more insight into deposit accounts." |
|---|---|
| Doc 3 Page 20<br><br>Lines 3-7 | "The Complaint must show facts to warrant relief under those subsections, which the Complaint fails to do. There was no insider relationship between the Defendant and Mendez and Plaintiff has failed to show that either. The burden is on the Plaintiff to establish in his Complaint the alleged "insider" relationship to even reach a claim for relief under this section." |
| Doc 3 Page 21<br><br>Lines 5-11 | "These causes of action lack any liability and were no doubt filed for the purpose to harass the Defendant. It is particularly so when one examines the Complaint, which consists of bare-bones boilerplate conclusions. For the above reasons, Defendant prays that this Court dismisses the Complaint **with prejudice**. The Plaintiff should not be granted leave to amend because no amendment will rectify the sheer lack of facts necessary to reach the level needed to warrant relief under these sections." |

Court should disregard, exclude, and strike these extraneous matters entirely, or convert to Summary Judgement and trigger the Summary Judgment process for an opportunity and notice to the parties to present their cases.

Plaintiff's allegations of fact accepted as true state a claim for relief. Plaintiff pleads a sufficient level of factual detail to provide the Court and the Defendant with a clear understanding of the factual underpinning of Plaintiff's legal claims. Plaintiff pleads a plausible level of factual detail above conceivability, even if less than probability. Each cause of action has evidentiary and factual support, and could be judicially noticed and compared from the Defendant's bankruptcy filings, as well as satisfies the elements outlined by the Plaintiff in his Complaint. Plaintiff can further corroborate his pleadings if discovery proceeds.

Dismissal is improper and premature at this stage of the proceedings. Plaintiff has only filed a single initial Complaint, is pro se and without any attorney representation for drafting or arguing his Complaint or oppositions to Defendant's motions and is outside of the country since December 2021 and returning around October 2022. Plaintiff has enough evidentiary materials to formulate his

1    complaint with factual matters that are contoured by the evidence, and which can be further affirmed if

2    the doors to discovery were opened through the course of the litigation. As many assertions involve

3    allegations of fraud, such knowledge of facts is more peculiarly within the possession of the Defendant

4
     of which Plaintiff seeks to vindicate his injuries by and search the ultimate truths of. Plaintiff should be
5
     allow to amend his complaint, especially because he already tried to on August 3, 2022 and the filing
6
7    drafted First Amended Complaint was refused and not docket or lodged. Had it been filed, it would have

8    mooted the 12(b)(6) motion entirely including Plaintiff's now urgent need to lodge an Opposition to it.

9        Plaintiff would be prejudiced, as the 12(b)(6) motion contains numerous extraneous and

10   unfounded assertions beyond the four-corners of the Complaint, beyond any matter that can be judicially

11   noticed or otherwise considered by the Court without a conversion to Summary Judgment.

12
         Court should sustain evidentiary, procedural, or substantive objections,
13
14       Court should defer hearing and deciding of the motion until trial, as an alternative relief, to not

15   foreclose Plaintiff's opportunity and right to litigate on the merits.

16       Court should grant Plaintiff leave to amend and supplement the Complaint, as it will be the first

17   time doing so, and because Plaintiff is pro se.

18       Court should admit in limine against Defendant their assertions corroborating Plaintiff, as

19   evidentiary assertions subject to hearsay exceptions made by a party opponent, which the Plaintiff will

20   include with specific citations and references in any amended or supplemented pleadings if the
21
     Defendant's 12(b)(6) motion is denied and the Court affirms the Plaintiff's Opposition;
22

23

24

25

26

27

28

**b.  *Production of Declarants or Witnesses for Examination***

Local Rules and Chamber Procedures, as well as the Rules of Evidence, allow the Court to call witnesses and compel Defendant to produce themselves or any other witnesses to support their factual assertions and other evidence proffered. It would be prejudicial to the Plaintiff if the Court rules in favor of the Defendant based on documentary evidence alone without giving the Court itself or the Plaintiff the opportunity to examine the Defendant or any other witness they use in support of their motion. The Court is in the best position to examine the tenor, tone, sound, and mannerisms of the Defendant and witnesses, to observe visually as well any changes and fluctuations through the duration of the proceedings, and weigh credibility and veracity accordingly. The Plaintiff is aware of and respectfully asserts that this Court's Chamber procedures strongly encourage and favor live testimony over declarations and exhibit evidence, and it is for that reason the Plaintiff pleads with the Court to arrange the opportunity for the Defendant to be examined on all their assertions so that the Plaintiff can demonstrate that his opposition weighs more heavily as a result, both factually and as a matter of law.

**c.  *Protection Against Scandalous or Defamatory Matters***

Plaintiff has identified Scandalous or Defamatory materials filed in the proceedings with specific citations and references below. These are also without any evidentiary support and should be disregarded, excluded, or stricken, especially because they are beyond and extraneous to the pleadings and the Court has not at this time converted the motion to one for Summary Judgment:

| Doc 3 Page 6  Lines 13-24 | "the Defendant became indebted to the Plaintiff in an amount of $11,000 for a small embroidery business she was trying to start. Plaintiff became enraged when he realized that she was in this embroidery business with a male friend. After this, Plaintiff engaged in a tantrum by sending block-paragraph text messages and phone calls to Defendant telling her to go kill herself, that she is the worst person on Earth and that he would do everything he can to make her life miserable. Plaintiff has contacted Defendant's friends and acquittances to disparage her reputation as well (this is part of the Defendant's separately filed motion for protective order to avoid Plaintiff having access to the names of people she gave money to). The Complaint lacks details of conduct arising to the level of fraud and misconduct warranting the claims alleged in the Complaint. For the reasons stated below, the Plaintiff asks the Court to dismiss the Complaint with prejudice." |
|---|---|

| Doc 3 Page 8<br><br>Lines 13-18 | "The Business ended up not working out and it failed. Defendant has experienced her own mental health issues, which are privileged. This led the Plaintiff to begin his barrage of hateful messages intending to cause Plaintiff to hurt herself. Plaintiff suggested Defendant kill herself because he, Plaintiff, would not stop until he felt satisfied that he destroyed her. All of this is based on emotions and nothing more." |
|---|---|
| Doc 3 Page 8<br><br>Lines 19-24 | "Throughout the Defendant's Chapter 7 process, the Plaintiff has managed to violate the automatic stay despite requests to stop. Plaintiff has sent messages and called Defendant's family members and friends to slander her. Plaintiff has bombarded the Chapter 7 Trustee and the Office of the United States Trustee with numerous requests to intervene. This adversary is nothing more than Plaintiff's continued efforts to make Defendant's life difficult." |
| Doc 3 Page 18<br><br>Footnote 1 | "It appears Plaintiff illegally recorded the 341(a) examination using his own recording device. The proper procedure is to request from the U.S. Trustee's Office a copy of the recording as required by the rules. Then, Plaintiff needs to have the audio transcribed using an approved transcription service. As such, any alleged facts with respect to testimony held should be stricken from the Complaint." |
| Doc 3 Page 21<br><br>Lines 5-11 | "These causes of action lack any liability and were no doubt filed for the purpose to harass the Defendant. It is particularly so when one examines the Complaint, which consists of bare-bones boilerplate conclusions. For the above reasons, Defendant prays that this Court dismisses the Complaint **with prejudice**. The Plaintiff should not be granted leave to amend because no amendment will rectify the sheer lack of facts necessary to reach the level needed to warrant relief under these sections." |

Plaintiff as a party in interest requests Court to protect Plaintiff from the materials.

Materials are Scandalous because they cast disgrace, offense, or shame on Plaintiff, as reasonable persons or members of the public reviewing these materials would have their perceptions of Plaintiff altered in a negative way if they were to associate the harmful assertions made by Defendant against Plaintiff, or his character and reputation.

Materials are Defamatory because they are Untrue or Potentially Untrue, and based on the lack of evidentiary support, as well as the strength and weight of Plaintiff's opposition, it would be detrimental to make any adverse finding or determination of the truth of Defendant' assertions when against Plaintiff.

Materials are so Misleading in context as to be deemed Facially Inaccurate, they are not specific

1  and particularized, they cast broad allegations against the Plaintiff with no evidentiary support.

2      Untruthfulness of the Defamatory materials are readily apparent, due to the deficiencies in

3  evidence and exaggerated effect of the Defendant's assertions.

4      Potential Untruthfulness alters Plaintiff's reputation in the eyes of reasonable people, by

5  accusing Plaintiff of making death threats and other unfounded assertions.

6

7      Potential Untruthfulness is Irrelevant and/or is included for an Improper End, which is to

8  pressure the Plaintiff to abandon their litigation and cause financial and reputational harm to him.

9      Court has duty to protect Plaintiff after statutorily excepted materials ascertained, to redact or

10 seal portions of the Adversary and Bankruptcy cases that make any references to harassment, or death

11 threats, and similar exaggerated and unfounded assertions.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.

### CONCLUSION or PROPOSED ORDERS

Plaintiff respectfully requests that the Court fashion the following orders and relief:

1. **Continue** the August 31, 2022 *Joint Status Conference* to **November 16, 2022**;

2. **Deny *with prejudice* the Defendant's 12(b)(6) Motion to Dismiss** or **Continue** the August 31, 2022 hearing of it to **November 16, 2022, or Defer the Deciding and Hearing of it until Trial**;

3. **Extend the Parties' Time** to Meet-and-Confer **for other matters** by **October 26**;

4. **Grant Plaintiff leave to amend and supplement the Complaint**;

5. **Order the Defendant to certify and engage** in good-faith meet-and-confer efforts **before** a matter or motion is filed with the Court;

6. **Order the Defendant to produce** any *declarants* or *witnesses* for live examination during evidentiary hearings, considerations of motions, and determinations of matters of fact;

7. **Extend the Plaintiff's Time to File, Notice, Serve, and Sign** various documents accordingly if based on the dates set for certain hearings or the continued dates of them, including:

    a. File and Serve *Plaintiff's Opposition to Defendant's 12(b)(6) Motion to Dismiss* by **November 2**;

    b. File and Serve *Parties' Joint Status Conference Report* by **November 2**; or

    c. File and Serve *Plaintiff's Unilateral Status Conference Report* by **November 9**;

8. **Extend the Plaintiff's Time for, or Exempt from Producing,** Any Original, Wet Signatures, if Inspections Requested, **to any date and time that is no earlier than November 16**;

9. **Trigger** the Court's protection of Plaintiff against **Scandalous** or **Defamatory Matters,** and redact or seal all portions of affected materials;

10. **Assign the matters to Mediation**;

11. **Any *combination of* or *other* relief**;

1

2     *Plaintiff's Opposition to Defendant's 12(b)(6) Motion to Dismiss*

3

4     Respectfully Submitted,

5    Dated: August 17, 2022

6     HOVANES JOHN TONOYAN

7

8

9     By: _____
        HOVANES JOHN TONOYAN
10        PRO SE / SELF-REPRESENTED

11

12

13

14    For:              Respectfully Submitted,

15

16    Opposition to

17    12(b)(6)

18    motion to

19    Dismiss

20    Dated:            Hovanes John Tonoyan

21    August, 17, 2022

22    Original, wet signature in Blue Ink

23    in Plaintiff's possession outside USA

24

25

26

27

28