UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MMR CONSTRUCTORS, INC.** | : | **CIVIL ACTION** |
| | : | |
| versus | : | |
| | : | **NO. 06-918-RET-DLD** |
| **SYNGENTA CROP PROTECTION,** | : | |
| **INC., et al.** | : | |

**\*\*\*\* CONSOLIDATED WITH \*\*\*\***

| | | |
|---|---|---|
| **ECOPRODUCTS SOLUTIONS LP** | : | **CIVIL ACTION** |
| | : | |
| versus | : | |
| | : | **NO. 07-951-RET-DLD** |
| **MMR CONSTRUCTORS, INC.** | : | |
| | : | |

**MMR CONSTRUCTOR, INC.'S OPPOSITION TO
SYNGENTA'S MOTION FOR PROTECTIVE ORDER**

**MAY IT PLEASE THE COURT:**

MMR CONSTRUCTORS, INC. ("MMR") submits this opposition to Syngenta Crop Protection, Inc.'s ("Syngenta") "Motion for Protective Order Concerning Plaintiff's 30(b)(6) Notice of Deposition and Request for Expedited Consideration" (doc. 56) filed today, June 4, 2008, and states as follows:

Syngenta's Motion seeks alternative relief to its "Joint Motion for Protection" (doc. 52) filed yesterday, June 3, 2008. In today's Motion, Syngenta now seeks to apparently limit and restrain MMR from "asking the same questions" in the upcoming June 13, 2008 30(b)(6) deposition of Syngenta that may have been previously asked in a deposition taken by Cajun Constructors, Inc.'s ("Cajun") attorney on October 4, 2007, which was noticed in a separate state court proceeding (Parish of Iberville, Case No. 64383-B), notwithstanding the following:

457419.1

1. It is undisputed that MMR is not a party to the state court proceeding in which the October 4, 2007 deposition of Syngenta was noticed;

2. It is undisputed that MMR was not given notice of the October 4, 2007 deposition of Syngenta;

3. It is undisputed that MMR was not invited to participate in the October 4, 2007 deposition of Syngenta;

4. Syngenta has failed to notice Cajun on its own discovery requests; therefore, Syngenta should be estopped from asserting this argument;

5. MMR has a right to obtain and gather evidence that is relevant to its claims and/or defenses pursuant to Fed. R. Civ. P. 26, including discovery that appears reasonably calculated to lead to the discovery of admissible evidence and should not be limited to questions asked in a deposition noticed in an unrelated state court proceedings;

6. It would be unduly burdensome for MMR to first, sort through the October 4, 2007 deposition, and second, to limit or tailor its questions based on what was previously asked. (MMR anticipates that if Syngenta is successful on this motion, MMR's June 13, 2008 deposition will likely be ineffective and inefficient due to anticipated objections from Syngenta's counsel as to what has or has not been previously asked.);

7. MMR's claims and defenses are separate and distinct from the claims and defenses asserted in state court by Cajun;

8. Although both lawsuits arise out of the Project at issue, MMR's scope of work on the Project was different and distinct from Cajun's scope of work;

Syngenta, as the movant, bears the burden of showing the necessity of the issuance of the requested Protective Order, which requires a showing of "good cause." *In re: Terra Int'l, Inc.* 134 F.3d 302 (5th Cir. 1998). Syngenta has failed to meet the requisite burden; therefore, Syngenta's Motion for Protective Order should be denied.

Yet again, Syngenta asserts that Cajun's case was consolidated with the present lawsuit for discovery purposes, which it was not. In the Joint Motion (doc. 52), the Movants asserted that Cajun's *federal* court case (No. 07-126) was supposed to be consolidated with the present

457419.1

action for the purposes of discovery. Today, however, Syngenta asserts that the consolidation is apparently not with Cajun's *federal* case, but with Cajun's <u>state court proceeding</u> that is pending in Iberville Parish (Case No. 64383-B). See paragraph 1 of Syngenta's Motion (doc. 56).

It appears that since Syngenta's deposition was noticed in Cajun's *state* court proceeding, and not in Cajun's *federal* case, Syngenta has now conveniently changed its mind as to which Cajun case it purports was consolidated with this proceeding for discovery purposes. This is absurd, and Syngenta's Motion for Protective Order is yet another example of the delay tactics employed by Syngenta and the other defendants.

If Syngenta truly believed that this action was consolidated with Cajun's case(s) for purposes of discovery, which Syngenta apparently believes occurred at the September 6, 2007 scheduling conference held in the present action, then Syngenta (and the other defendants) had approximately one month to give MMR notice of the October 4, 2007 deposition of Syngenta's corporate representative. Syngenta, however, did <u>not</u>.

Further, Syngenta's argument is undermined by Syngenta's own actions. For example, Syngenta itself has <u>not</u> noticed Cajun on its own discovery requests. See page 14 of Syngenta's Discovery Requests to MMR dated May 30, 2008 wherein Cajun's counsel is not listed in Syngenta's certificate of service, attached as **Exhibit 1**.

MMR should not be limited to discovery propounded in a separate, unrelated, state court proceeding to which it is not a party; to which it has not been given notice; to which it has not been invited to participate in; and to which is factually different and distinct from the causes of action and defenses asserted in the present action.

Although Syngenta has had ample time to object to MMR's discovery requests, it has not previously filed <u>any</u> objections. Instead, Syngenta waited and filed two Motions for Protective

3

457419.1

Order. MMR patiently has been attempting to cooperate with Syngenta to schedule these depositions, as well as others, to take place since late 2007. It seems quite evident now, however, that Syngenta is just seeking to delay this case as long as possible. Syngenta is not entitled to relief as it has delayed seeking this protective order and cannot and has not asserted any substantive reasons as to why MMR's discovery should be limited – especially since the deposition occurred on October 4, 2007, exactly eight (8) months ago.

Syngenta failed to assert "good cause" necessary under Fed. R. Civ. P. 26 to prevail on its Motion for Protective Order. Therefore, Syngenta's Motion for Protective Order should be denied.

For the foregoing reasons, MMR respectfully requests that this Honorable Court deny Syngenta's Motion for Protective Order and compel and order the Rule 30(b)(6) deposition of Syngenta Crop Protection, Inc. deposition currently scheduled for June 13, 2008 to take place as scheduled, without the limitations requested in Syngenta's Motion for Protective Order.

**Respectfully Submitted,**

**TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.**

BY:   s/ Edward J. Laperouse II
**Edward J. Laperouse II #29310**
**Edward D. Hughes #28617**
**Kari A. Bergeron #31043**
**451 Florida Street, 8th Floor (70801)**
**P.O. Box 2471**
**Baton Rouge, LA 70821**
**Phone:  225-387-3221**
**Fax:     225-346-8049**

457419.1

>**Rodi F. Rispone**
>**15961 Airline Highway**
>**Baton Rouge, LA 70884**
>**Phone:  225-756-5090**
>**Fax:    225-753-7012**
>
>**ATTORNEYS FOR MMR CONSTRUCTORS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2008 I electronically filed the foregoing with the Clerk of Court for the United States District Court, Middle District of Louisiana, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

>James P. Doré
>Amy deGeneres Berret
>R. Benn Vincent Jr.
>Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
>P. O. Box 3513
>Baton Rouge, LA 70821-3513
>
>Ann Elizabeth Webb
>Buck, Keenan, Gage, Little & Lindley, LLP
>700 Louisiana
>Suite 5100
>Houston, TX 77002

6

I also certify that I have sent by fax to the following non-CM/ECF participants:

William A. Gage Jr.
Jared G. LeBlanc
Buck, Keenan, Gage, Little
 & Lindley, LLP
700 Louisiana
Suite 5100
Houston, TX 77002

                                                                                                                                                                     *s/ Edward J. Laperouse II*
                                                                                                                                                                     **Edward J. Laperouse II**

457419.1