Sevan Gorginian (SBN 298986)
**Law Office of Sevan Gorginian**
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
Tel:  818.928.4445 Fax: 818.928.4450
Email: sevan@gorginianlaw.com

**Attorney for Debtor**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISON

| | |
|---|---|
| In re | Case No.      1:22-bk-10283-MB<br>Adversary No. 1:22-ap-01028-MB |
| **LUSINE C. DOKUZYAN**<br><br>                     Debtor. | Chapter 7<br><br>**NOTICE OF MOTION AND MOTION OF ATTORNEY SEVAN GORGINIAN TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT** |
| Hovanes Tonoyan, Plaintiff<br><br>v.<br><br>Lusine C. Dokuzyan, Defendant | **DECLARATION OF SEVAN GORGINIAN IN SUPPORT THEREOF**<br><br>No Hearing Required per LBR 2091-1 and 9013-1(p). |

**TO THE HONORABLE MARTIN R. BARASH, U.S BANKRUPTCY JUDGE AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that the Law Office of Sevan Gorginian (the "<u>Firm</u>") moves for an order permitting withdrawal as counsel ("<u>Motion</u>") for defendant Lusine C. Dokuzyan ("<u>Defendant</u>") in the adversary case.  This Motion is brought under LBR 2091-1(a)(2), which permits the Firm to withdraw as counsel with consent through a substitution of attorney form.  Attached as **Exhibit A** is a copy of the substitution of attorney form.

The Firm seeks to withdraw because the representation is leading counsel, Sevan Gorginian, to experience significant loss of income and time in this representation. Furthermore, under California State Bar Rule 1.16(b)(6), the lawyer may withdraw if the

client knowingly and freely assents to termination of the representation.  See also Rule 3-700(C)(5) and (6).[1] This has occurred as evidenced by the attached in **Exhibit A**.   There exists no prejudice nor imminent pressure on the Defendant at this time for the Firm to withdraw as discussed below.

This Motion is based upon this Notice of Motion, the Motion, the declaration of Sevan Gorginian, and the records filed in this case.  The Motion is filed pursuant to LBR 9013-1(p)(4), which provides for granting of the Motion without a hearing.  The Motion and declaration are attached.   Pursuant to California Rules of Professional Conduct, the Firm has provided ample notice to the Debtor that it will seek to withdraw and Debtor is aware of the difficulty of appearing without counsel.

If any party seeks to file an opposition to this Motion, they must do so within no later than fourteen 14 days after the date stated on the proof of service (not excluding Saturdays, Sundays or legal holidays).  A copy of the response or opposition must be served on the Firm, the Office of the U.S. Trustee and any other necessary parties.  If an opposition is filed, the Court may set a hearing with the Firm giving proper notice of such hearing date.

Date: November 7, 2022            Respectfully submitted,

Sevan Gorginian, Esq.

**I.**

---

[1] Rule 3-700(c): a Member may not withdraw unless such request or withdrawal is because (5) the client knowingly and freely assents to the termination of the employment or (6) the member believes in good faith….that the tribunal will find the existence of other good cause for withdrawal.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant filed for Chapter 7 bankruptcy on March 12, 2022.   The Firm appeared with the Defendant at two extensive meeting of creditor sessions with the Chapter 7 Trustee and Plaintiff Hovanes Tonoyan ("Plaintiff").   The Firm fully represented the Defendant in her bankruptcy case, including, several communications with the Chapter 7 Trustee, the United States Trustee and Plaintiff.   The Firm prepared and filed a Motion for Protective Order (Docket 20), which the Court granted (Docket 33).

The Firm is very sympathetic to the Defendant because she is an innocent, 26 year old, who has been intimidated by the Plaintiff for a $11,000 loan that she could not payback. The Firm charged the Defendant a very low legal fee of $1,362 (plus $338 filing fee) for the bankruptcy case.  This was partially paid by her family members.  On June 24, 2022, Plaintiff filed his adversary complaint containing a long list of causes of action.  He is seeking to deny Defendant's discharge and except his debt from discharge as well.  On behalf of Defendant, the Firm prepared and filed a motion to dismiss the case (Docket 34). The Defendant opposed (Docket 11) and the Firm filed a reply on behalf of the Defendant (Docket 12).  The Firm attended the hearing as well on August 31, 2022.  The Firm also engaged in a lengthy Rule 26(a) meet and confer with the Plaintiff and drafted the joint status report (Docket 10).  The Firm prepared and uploaded the Order granting in part, denying in part the Motion to Dismiss and Setting Deadlines (Docket 15).  See **Exhibit B** for a copy of the Order.  The Plaintiff was ordered to file his first amended complaint by October 12, 2022, but he did not do so – presumably because the parties were engaging in settlement communications.

Following the hearing on the Motion to Dismiss, the Firm met with Defendant in good faith via GoogleMeet Video to discuss the case and entertain possibility of settlement.  The Firm spent about 30 minutes explaining to pro se Plaintiff the lengthy road ahead of the adversary proceeding and the necessary pleadings and next steps (i.e. discovery, motions to compel, pretrial motions, pretrial stipulations and trial).  The Firm was able to convince the Plaintiff that settlement would be in everyone's best interest.

The Firm discussed with the client, Defendant, and negotiations followed. Fortunately, and to everyone's best interest, the parties agreed to the basic terms.  Not to divulge private settlement communications, but the Plaintiff agreed to accept a certain amount (estimate 80% of the debt he believes he is owed) in monthly payments.  The terms

included a provision that this amount would be nondischargeable and if the Defendant breached the settlement agreement, then the Plaintiff would apply for an automatic nondischargeable judgment amount for a set amount.  In exchange, the Plaintiff would stipulate to dismiss the adversary proceeding.

The Firm, being mindful the parties are in pro per, took the initiative to prepare the settlement agreement and joint stipulation to dismiss.  These documents were sent to Plaintiff who reviewed made redline edits and returned them.  The Firm incorporated some of the changes and prepared the final version for all parties signatures.  The Defendant signed.  The Firm was waiting on the Plaintiff to sign the settlement agreement and stipulation to dismiss.  Unfortunately, Plaintiff began demanding unnecessary language to be included in the settlement agreement or stipulation to dismiss.  Plaintiff wanted, what appeared to be, a reaffirmation agreement as well.  This was what caused the end of the Firm's efforts to finalize the settlement because it became clear the Plaintiff was merely playing games and was not serious of settling after all.

The Firm, having expended nearly 15 to 20 hours on this case (both the bankruptcy and adversary combined), with very little compensation – leaves the Firm in a position to withdraw.[2]  The Firm has been *extremely* patient and courteous in dealing with the Plaintiff and the Defendant in this trivial dispute over a $11,000 debt involving former friends.  The Defendant does not have the financial capability to retain the Firm at its full retainer amount.  Nevertheless, the Firm would never take, for example, a $10,000 retainer to defend an adversary case involving $11,000.  The Firm was merely being courteous to the pro se parties.  Due to Plaintiff's last minute decision to not sign the agreed-to settlement agreement, it has left with the Firm with no choice but to withdraw and allow the Plaintiff and Defendant to resolve their differences at mediation.

The Firm met with the Defendant, in person, and explained the predicament.  The Defendant fully acknowledges and understands what the withdrawal means.  She signed a voluntary substitution of attorney form (Exhibit A).

---

[2] Defendant's sister has paid the Firm a small amount of money on account of the 20-30 hours expended on this adversary case. Factoring in $350/hour, the Firm is entitled to $10,500 but given the dollar amount in dispute, it would be unconscionable to charge this amount to Defendant. Thus, as a courtesy, the Firm did most of the work pro bono to get this case to settle, which is the best solution and it is what Plaintiff himself wanted as well when he agreed to the terms of the settlement.

Pursuant to LBR 2091-1(a), coupled with California Rules of Professional Resolution 3-700, cause exists for the Firm to withdraw because the Defendant-client knowingly and freely assent to the termination of employment and the Firm believes in good faith, that the Court will find the existence of other good cause is present for its withdrawal.   Such good cause is present because the Firm has expended 15-20  hours without fair compensation (at the Firm's choosing), the Firm tried very hard to finalize the settlement agreement that Plaintiff agreed to and requiring the Firm to continue the representation would lead to significant loss of time and income for the Firm.  The Firm has numerous other clients that need the Firm's attention.  Being a sole practitioner, the Firm can no longer represent the Defendant and divest its attention and resources from other paying clients.  The Firm genuinely meant to offer its pro bono services in good faith but as the idiom goes: "no good deed goes unpunished."

Pursuant to Rule 3-700(A)(2), the Firm has taken steps to minimize any prejudice to the Debtor, as discussed above, by notifying the Debtor of the Firm's intent to withdraw and preparing the joint status report for the Defendant as well that is due November 9, 2022.   There is no imminent deadline other than Defendant having to file her response to Plaintiff's first amended complaint (if necessary).   Defendant was not left in the dark or alone.  The Firm respectfully asks the Court to send the parties to mediation.

The Firm requests that all further notices, pleadings, process and other papers addressed to the Defendant be by mail and email to the following:

Lusine Cristine Dokuzyan
7635 Bluebell Avenue
North Hollywood, CA 91605
cynvaras@gmail.com

In conclusion, counsel respectfully requests the Motion be granted and an order be entered approving its withdrawal as counsel of record for Debtor.

Sevan Gorginian, Esq.

### DECLARATION OF SEVAN GORGINIAN

**1.** I am defendant's bankruptcy attorney and proposed former counsel in this pending adversary case. My office is located at 450 N. Brand Blvd. Suite 600 Glendale, CA 91203. I am over 18 years old and hereby acknowledge this is testimony under oath and I have personal knowledge of the facts below. If called to testify, I could and would competently testify to the same in open court.

**2.** I wanted to write this declaration in support of my motion to withdraw and to update the Court with the latest events that have occurred since the prior status conference on August 31, 2022.

**3.** On behalf of the defendant, I had filed a motion to dismiss the plaintiff's case. The plaintiff's complaint contains numerous causes of action. The Court denied my client's motion to dismiss as to certain causes of action and dismissed as to others with leave to amend. Attached as **Exhibit A** is a copy of the Order (Docket 15).

**4.** Both the Plaintiff and Defendant were present during the hearing and they heard the Court's comments on the record.

**5.** The Plaintiff was to file his first amended complaint by October 12, 2022 and the Defendant to file her answer by October 26, 2022.

**6.** This dispute between the parties is for nearly $11,000. To facilitate a settlement and avoid wasting the parties and Court's time, I began settlement discussions with the Plaintiff.

**7.** I held a 30 minute video call with the Plaintiff to provide him some guidance on the long road he has ahead of him in this adversary. I explained to him the entire adversary proceeding process and what comes next and what pleadings would have to be filed (discovery, pretrial stipulations, trial, etc.). He and I had a lengthy and cordial communication. After explaining the long road ahead in this adversary, I told Plaintiff that I would get my then-client, the Defendant, to offer a settlement.

**8.** After speaking with my client, I began to facilitate settlement communications between the parties. Finally we agreed on a settlement amount, which is nearly

80% of what the Plaintiff believes he is owed, to be paid over monthly payments. Keeping in mind I am not being fully compensation for my time in these matters, I still volunteered to then draft the settlement agreement because I know Plaintiff is not an attorney and may not be versed in the necessary language.

9. I drafted the settlement agreement outlining the terms that both Plaintiff and Defendant agreed. Plaintiff sent me redline edits to which I incorporated some of it and created the final PDF version. As part of the settlement agreement, I also drafted the "Joint Stipulation to Dismiss the Adversary." I sent that to Plaintiff as well. The goal was pursuant to the settlement agreement, Defendant was going to pay a certain amount over time and if she defaults then Plaintiff will get an automatic nondischargeable judgment of a larger amount. In exchange, the Plaintiff and Defendant were going to sign the Joint Stipulation to Dismiss the Adversary. Plaintiff had several days to review and sign.

10. Defendant had already signed the settlement agreement and we were waiting on Plaintiff to sign, so I can then file the proper documents and dismiss the case and have the parties move forward with the payment plan on the settled debt.

11. Unfortunately, Plaintiff Mr. Tonoyan then began to send email after email about other requirements which delayed the process. The last straw was he wanted, from what I believe to be a reaffirmation agreement signed. I had told him the settlement agreement was sufficient. He had reviewed the settlement agreement, made edits and had plenty of time to review. He agreed to the terms and all we needed was to sign and finalize.

12. On November 2, 2022, Plaintiff sent me yet another lengthy email which I reviewed. He began to ask for different documents and language in the order that I did not believe was necessary. That is when I decided my time is valuable and I am done engaging in this petty fight between the parties. I have exchanged about 50 emails, spent a lot of time on this matter involving a dispute between friends for $11,000. I have too many clients to service and my kindness to facilitate a settlement was

exhausted.  These lengthy emails takes 10-15 minutes to review and respond.

**13.** I told my client, of what had transpired and that unfortunately Mr. Tonoyan refused to sign at the end.  That is when I asked my client to sign the substitution of attorney form.  She fully understood what it meant and why I was moving on.

**14.** I have spent well over 15-20 hours on this case and the bankruptcy case combined. I have other clients I need to attend to and all I wanted was to facilitate a settlement and move forward.  I cannot go forward in this case because to do so will require a lot of my time (which is unpaid) and I would not charge my client the typical $10,000 retainer deposit because it would be unconscionable since the case dispute is for much less.  My client's sister paid me a very small amount on account of the balance I am owed in the adversary.  My client does not owe a balance to me.  I did this adversary to help to quickly facilitate a settlement but the Plaintiff is not taking the settlement (which he agreed to in terms) seriously.

**15.** I helped my client fill out her portion of the joint status report which I sent to my client on November 5, 2022.   The burden of proof and tasks are in Plaintiff's hand as he is the moving party.  I believe Mr. Tonoyan did not file his first amended complaint because we were in the middle of settling.  Unfortunately, it did not pan out as I had hoped.  My client will appear at the status conference.  I respectfully ask the Court to remind the parties to be courteous to one another.  My client is very afraid of Mr. Tonoyan.  She cries in my office when I speak about him and his efforts.  She is very afraid of him and I believe communications should be kept to email unless they go to mediation. I have advised my client to get a restraining order if she believes she needs one.


    I attest under the penalty of perjury in the state of California that the above is true and correct to the best of my knowledge.  Executed on November 4, 2022.

Sevan Gorginian, Declarant

# EXHIBIT A
# Substitution of Attorney

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sevan Gorginian<br>Law Office of Sevan Gorginian<br>450 N. Brand Boulevard, Suite 600<br>Tel: 818.928.4445 Fax: 818.928.4450<br>Email: sevan@gorginianlaw.com<br><br><br><br>*Attorney for:* Defendant | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>LUSINE DOKUZYAN | CASE NO.: 1:22-bk-10283-MB<br>ADVERSARY NO.:1:22-ap-01028-MB<br>*(if applicable)*<br>CHAPTER: 7 |
|---|---|
| Debtor(s). | |
| HOVANES TONOYAN<br><br>Plaintiff(s),<br>vs.<br>LUSINE DOKUZYAN<br><br>Defendant(s). | **SUBSTITUTION OF ATTORNEY**<br>**[LBR 2091-1(b)]** |

1.  The name(s) of the party(ies) making this Substitution of Attorney *(specify)*:

    Defendant Lusine Dokuzyan.

2.  The name, address, telephone number, and email address of the new attorney are *(specify)*:

    Defendant in pro per.

3.  New attorney hereby appears in the following matters:  ☐ the bankruptcy case  ☒ the adversary proceeding

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2014*                              Page 1                              **F 2091-1.SUBSTITUTION.ATTY**

4.   The new attorney is substituted as attorney of record in place instead of the present attorney. *(Specify name of present attorney)*:

Defendant is pro per.

Date: 11/04/2022

_____          _____
Signature of party                                          Signature of *second* party (if applicable)

Lusine Dokuzyan                                           Sevan Gorginian
_____          _____
Printed name of party                                      Printed name of *second* party (if applicable)


_____          _____
Signature of *third* party (if applicable)             Signature of *fourth* party (if applicable)


_____          _____
Printed name of *third* party (if applicable)        Printed name of *fourth* party (if applicable)

**Notice to Pro Per Plaintiff**
**Upon substitution, please direct communication**
**and service of documents to Defendant via email,**
**which Defendant consents to receipt of such**
**service.**

I consent to the above substitution.

Date: 11/04/2022                                             **cynvaras@gmail.com**

                                                                       **Mailing address if necessary:**
                                                                       **Lusine Dokuzyan**
_____          **7635 Bluebell Avenue**
Signature of present attorney                         **North Hollywood, CA 91605**

Sevan Gorginian
_____
Printed name of present attorney

I am duly admitted to practice in this district.  The above substitution is accepted.

Date: 11/04/2022

_____   Defendant in pro per
~~Signature of new attorney~~

_____
Printed name ~~of new attorney~~


**IMPORTANT NOTICE**

Filing of this Substitution of Attorney form does not replace the need to be employed pursuant to the Bankruptcy Code.
See LBR 2014-1 regarding the requirements and procedures for making an application to employ an attorney.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2014                                    Page 2                                    **F 2091-1.SUBSTITUTION.ATTY**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

450 N. Brand Blvd. Suite 600 Glendale, CA 91203

A true and correct copy of the foregoing document entitled: **SUBSTITUTION OF ATTORNEY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___11/4/2022___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Amy L Goldman (TR)
marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com
Sevan Gorginian on behalf of Defendant Lusine Cristine Dokuzyan
sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
United States Trustee (SV)ustpregion16.wh.ecf@usdoj.v

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___10/4/2022___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hovanes Tonoyan
6627 Beeman Avenue
North Hollywood, CA 91606

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___11/4/2022___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

hoviktonoyan@gmail.com (Plaintiff)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/4/2022 | Sevan Gorginian | /s/ Sevan Gorginian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2014                    Page 3                    **F 2091-1.SUBSTITUTION.ATTY**

# EXHIBIT B
# Order

1
2
3
4
5
6
7
8
9

Sevan Gorginian, Esq. (SBN 298986)
**Law Office of Sevan Gorginian**
450 North Brand Boulevard, Suite 600
Glendale, California 91203
**Tel**: 818.928.4445 | **Fax**: 818.928.4450
**Email**: sevan@gorginianlaw.com

*Attorney for Debtor/Defendant*

FILED & ENTERED

SEP 12 2022

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Pgarcia    DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>LUSINE CRISTINE DOKUZYAN,<br><br>                Debtor.<br>————————————————<br>HOVANES JOHN TONOYAN,<br><br>                Plaintiff,<br><br>vs.<br><br>LUSINE CRISTINE DOKUZYAN,<br><br>                Defendant. | Case No.:  1:22-bk-10283-MB<br><br>Chapter 7<br><br>Adv. No.:  1:22-ap-01028-MB<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, SETTING DEADLINES AND CONTINUING STATUS CONFERENCE<br><br>Date: August 31, 2022<br>Time: 2:30 p.m.<br>Place:  Courtroom 303<br>       21041 Burbank Boulevard<br>       Woodland Hills, CA 91367 |

On August 31, 2022, the Court held the hearing of the *Motion to Dismiss Complaint Under FRCP 12(b)(6) for Failure to State a Claim for Relief* ("Motion To Dismiss") [Dkt. 3] and the adversary status conference. Appearances are as noted on the Court's record of the hearing.

The Court, having reviewed and considered the Motion To Dismiss, *Plaintiff's Opposition to Defendant's 12(b)(6) Motion to Dismiss (in the AP Case)* [Dkt. 11], and the *Reply to Plaintiff's Opposition to Motion to Dismiss Complaint* [Dkt. 12], having heard the arguments of counsel and plaintiff made at the hearing and good cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1    1. The Motion To Dismiss is granted in part and denied in part as follows:

2            a)  Denied as to § 523(a)(2)(A);

3            b)  Denied as to § 523(a)(2)(B);

4            c)  Dismissed as to § 523(a)(2)(C), *with* leave to amend;

5            d)  Dismissed as to § 523(a)(6), *with* leave to amend;

6            e)  Dismissed as to §§ 727 and 707(b), *with* leave to amend; and

7            f)  Dismissed as to declaratory relief, <u>28 U.S.C. §2201,</u> *without* leave to
8                amend,

9    **IT IS FURTHER ORDERED THAT:**

10    2.  Plaintiff Hovanes Tonoyan shall file and serve his first amended complaint by no
later than **October 12, 2022**;

11
12    3.  Defendant Lusine Dokuzyan shall file and serve her answer or motion to dismiss
by no later than **October 26, 2022**; and
13

14    3.  The Adversary Case Status Conference is continued to **November 16, 2022, at
1:30 p.m.,** with a joint status report due by no later than **November 9, 2022.**
15

16                                    # # #

17

18

19

20

21

22

23

24    Date: September 12, 2022

25                                                    Martin R Barash
                                                      United States Bankruptcy Judge
26

27

28

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 450 N. Brand Blvd. Suite 600 Glendale CA 91203. A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD DECLARATION OF SEVAN GORGINIAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/7/22**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L Goldman (TR)
marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com

Sevan Gorginian on behalf of Defendant Lusine Cristine Dokuzyan
sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On **11/7/22**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Honorable Martin R. Barash
21041 Burbank Blvd. Suite 342
Woodland Hills, CA 91367

Lusine Dokuzyan
7635 Bluebell Avenue

North Hollywood, CA 91605

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **11/7/2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Email to Plaintiff Hovanes Tonoyan (per consent) hoviktonoyan@gmail.com***
***Email to Defendant*** cynvaras@gmail.com

I declare under penalty of perjury under the laws of the U.S. that the foregoing is true and correct.

| 11/7/2022 | Sevan Gorginian | /s/ Sevan Gorginian |
|-----------|-----------------|---------------------|
| *Date* | *Printed Name* | *Signature* |